UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

RAHEEM FORD,

                              Plaintiff,

        -against-

DANIEL MARTUSCELLO, et al.,

                             Defendants.

**STIPULATION AND ORDER OF DISCONTINUANCE PURSUANT TO RULE 41(A)**

9:14-CV-01566

(DNH)(DEP)

---

IT IS HEREBY STIPULATED AND AGREED by and between the undersigned, the Plaintiff Raheem Ford, represented by counsel, Patrick Radel, Esq., and C. Harris Dague, Esq. counsel for Defendants Daniel Martuscello, Raymond Shanley, Eric Gutwein, Shane King, Douglas Williams, Floyd Cowan, Gregory Bielawa and John Leclair the parties to the above entitled-action, that whereas no party hereto is an infant or incompetent person for whom a committee has been appointed, and no person not a party has an interest in the subject matter of the action, the above-entitled action be and the same hereby is settled on the particular circumstances of this case, on the following terms and conditions, which it is agreed are of and shall have no legal precedential value in any other case either between the parties to this case or any other parties:

    1.    Pursuant to Rule 41(a) of the Federal Rules of Civil Procedure, Plaintiff hereby discontinues this action with prejudice and without damages, costs, interest or attorneys' fees, under the conditions described in Paragraph 4 of this agreement, as against Defendant John LeClair, as "the settling defendant" and discharges and releases Defendants Daniel Martuscello,

Raymond Shanley, Eric Gutwein, Shane King, Douglas Williams, Floyd Cowan, Gregory Bielawa and the State of New York, including its agencies, subdivisions, employees, private contractors or assignees and all of the other named defendants to this matter, of any and all claims, demands, or causes of action, known or unknown, now existing or hereafter arising, whether presently asserted or not, which relate in any way to the subject matter of this action, and further agrees to discontinue and/or not to commence or to pursue in any court, arbitration or administrative proceeding, any litigation, appeal or claim against the settling Defendant and others released hereby pertaining to the underlying facts, circumstances or incidents that gave rise to the aforementioned actions, or any results of the aforementioned facts, circumstances or incidents.

2. The parties agree that no provision of this settlement shall be interpreted to be an acknowledgment of the validity of any of the allegations or claims that have been made in the action.

3. This settlement does not constitute a determination of, or admission by any party to any underlying allegations, facts or merits of their respective positions. The settlement of this action is limited to the circumstances in this case alone and shall not be given effect beyond the specific provisions stipulated hereto. This settlement does not form and shall not be claimed as any precedent for or an agreement by the parties to any generally applicable policy or procedure in the future.

4. Following the execution of this Stipulation, and its being so ordered by the Court, the settling Defendant shall pay to Plaintiff the sum of thirty thousand dollars ($30,000.00) in full settlement of any and all claims, which amount includes all sums to which Plaintiff is entitled, including but not limited to damages, costs, and attorney's fees. The payment of said settlement

will be made by check payable to Plaintiff and mailed to him at P.O. Box 8607, New York, NY 10116.

5. Payment by the settling Defendant of the amount specified in paragraph 4 is conditioned on the approval of all appropriate state officials in accordance with the provisions for indemnification under section 17 of the New York Public Officers Law, and upon Plaintiff's signing and returning a "Standard Voucher" which will be mailed to him by agents of the defendants responsible for the administrative processing of the settlement paperwork.

6. Payment of the amount in paragraph 4 will be made within ninety (90) days after the approval of this Stipulation by the Court, unless the provisions of Chapter 62 of the Laws of 2001 apply to Plaintiff and the payment hereunder constitutes "funds of a convicted person" under the Son of Sam Law, in which event, the ninety (90) day payment period shall be extended by an additional thirty (30) days to allow for compliance with that law.

7. This stipulation shall be null and void if the approvals referred to in paragraph 5 are not obtained, and these actions shall then be placed back on the active docket without prejudice.

8. In the event that the terms of paragraph 5 are satisfied, but payment is not made within the 90 day or 120 day period set forth in paragraph 6, interest shall begin to accrue on the outstanding principal balance at the statutory rate on the 91st day after court approval or the or 121st day after court approval if the provisions of Chapter 62 of the Laws of 2001 apply to the Plaintiff.

9. Plaintiff represents and warrants that he is not a Medicare recipient, that he has never been on Medicare or Social Security Disability, that no conditional payments have been made by Medicare, and that he does not expect to be a Medicare recipient within the next 30 months.

10. The foregoing constitutes the entire agreement of the parties.

Dated: Albany, New York
July 30, 2018

Barbara D. Underwood
Attorney General of the State of New York
The Capitol, Albany, New York 12224-0341

By: _____
C. Harris Dague
Assistant Attorney General, of Counsel
Bar Roll No. 513292
Counsel for Defendants

Dated: Albany, New York
July 30, 2018

By: _____
Raheem Ford
PO Box 8607
N.Y., N.Y. 10116

Dated: Albany, New York
July 30, 2018

_____
Patrick Radel, Esq.
Getnick Livingston Atkinson & Priore, LLP
258 Genesee Street, Suite 401
Utica, New York 13502
Bar Roll No. 512794
Counsel for Plaintiff

IT IS SO ORDERED:

_____
David N. Hurd
United States District Judge

Dated:    July 30, 2018
          Utica, NY

4